**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

XYMOGEN, INC., an Illinois
corporation,

    Plaintiff,

v.                                                Case No.:  6:17-cv-869-Orl-31KRS

DIGITALEV, LLC, a Colorado
limited liability company,
d/b/a PURE THERAPEUTICS,

    Defendant.
                                                   /

**PLAINTIFF, XYMOGEN, INC.'S RESPONSE TO THE
COURT'S OCTOBER 25, 2017 ORDER TO SHOW CAUSE**

      Plaintiff, XYMOGEN, Inc. ("XYMOGEN" or "Plaintiff"), by counsel, responds to the Court's October 25, 2017 Order (Doc. 20) directing Plaintiff to show cause why this case should not be dismissed pursuant to Local Rule 3.10 for lack of prosecution due to the non-filing of a Case Management Report within the time prescribed by the Court's May 18, 2017 Order (Doc. 4).  For the reasons set forth below, Plaintiff respectfully requests that the court not dismiss this action pursuant to Local Rule 3.10 for lack of prosecution.

      1.     On July 22, 2017, Plaintiff served defendant, Digitalev, LLC ("Digitalev" or "Defendant"), with service in this matter. [1]

      2.     Pursuant to the Court's May 18, 2017 Order, the parties were ordered to conduct a case management conference no later than 45 days after service upon or appearance by any defendant.

---

[1]     Defendant disputes that Plaintiff served Digitalev; however, on August 10, 2017, the parties agreed that Digitalev would respond to Plaintiff's initial complaint on or before August 31, 2017.

3. As the result of mistake and oversight, the undersigned did not calendar the 45 day deadline to conduct a case management conference.

4. The Court has the inherent power to police its docket. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962). Dismissal is warranted, however, "only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101, 102 (11th Cir. 1898 (quotations omitted).

5. On October 25, 2017, Plaintiff received the Court's Order to Show Cause.

6. On October 26, 2017, Plaintiff filed a Joint Motion to Appear Telephonically for Purpose of Preparing Case Management Report (Doc. 21).

7. On October 26, 2017, the Court entered its Endorsed Order granting the parties' Joint Motion to Appear Telephonically for Purpose of Preparing Case Management Report (Doc. 22).

8. On October 26, 2017, the parties conducted their case management conference.

9. On November 3, 2017, the parties filed their joint Case Management Report (Doc. 24).

10. On November 6, 2017, the Court entered its Case Management and Scheduling Order (Doc. 25).

11. XYMOGEN, as plaintiff in this action, has no intention of delaying these proceedings, and Plaintiff respectfully submits that the above-described scheduling error does not constitute willful contempt. *See, e.g., Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (noting that "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal") (citation omitted).

WHEREFORE, Plaintiff, XYMOGEN, Inc., respectfully requests that this Court not dismiss this action for lack of prosecution due to the delay in filing a Case Management Report for the reasons set forth above.

Respectfully submitted,

/s/ John A. Schifino
John A. Schifino, Esq.
Florida Bar No. 0072321
Harvey S. Kauget, Esq.
Florida Bar No. 116254
Alexandra H. Palermo, Esq.
Florida Bar No. 98524
**BURR & FORMAN LLP**
Post Office Box 380
Tampa, Florida 33601-0380
(813) 221-2626 (telephone)
(813) 221-7335 (facsimile)
jschifino@burr.com
hkauget@burr.com
apalermo@burr.com

Attorneys for Plaintiff, XYMOGEN, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2017, I electronically filed the foregoing with the Clerk of the Court, U.S. District Court, Middle District of Florida, Orlando Division, by using the CM/ECF system which will effectuate service on all counsel of record.

/s/ John A. Schifino
Attorney